UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOREN JOHN JAY MEADE,<br><br>Defendant. | NO: 2:17-CR-0231-TOR-2<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 132. The Government filed its response in opposition on September 11, 2020. ECF No. 138. Defendant did not file a reply. Defendant is proceeding pro se. James A. Goeke appeared on behalf of the government. This matter was submitted for hearing without oral argument. The Court—having reviewed the motion, the record, and files therein—is fully informed.

//

//

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 1

## BACKGROUND

On October 4, 2018, Loren John Jay Meade appeared before the Court and entered a plea of guilty to Count 1 of the Superseding Indictment filed on May 1, 2018, charging him with Conspiracy to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 841, 846. ECF Nos. 75, 76. The statutory penalty for this offense is not less than 10-years to life imprisonment, not less than 5-years to life term of supervised release, inter alia.

A Presentence Investigative Report (PSIR) was prepared in this case. It calculated Defendant's total offense level as 34, with a criminal history category VI, and an advisory guideline imprisonment range as 262 to 327 months. The PSIR found Defendant to be a career offender under the United States Sentencing Guidelines ("Guidelines") based upon his convictions for Possession with Intent to Manufacture or Deliver a controlled Substance- Methamphetamine, in Grant County Superior Court, Ephrata, WA cause number 09-1-00649-3, and Manufacture Methamphetamine, Grant County Superior Court, Ephrata, WA cause number 16-1-00408-6. PSIR ¶ 52.

According to the PSIR, absent Defendant's career offender designation, Defendant would have otherwise faced an offense level of 31 after acceptance of responsibility and a criminal history category score of V. Based on a criminal

1  history category of V and an adjusted base offense level of 31, Defendant would

2  have faced an advisory sentencing range of 168 to 210 months incarceration.

3        The Court did not follow the advisory Guidelines, but rather, on May 15,

4  2018, this Court sentenced Defendant to, inter alia, 148-months imprisonment,

5  followed by a 5-year term of supervised release. ECF No. 128.

6        On June 29, 2020, Defendant filed the instant motion seeking resentencing.

7  ECF No. 132. Essentially, Defendant contends that one of his prior convictions

8  that qualified him as a career offender (cause number 16-1-00408-6) was dismissed

9  earlier this year. ECF Nos. 132 at 4; 138-2. He contends that his career offender

10 status is incorrect and he wants to be resentenced.

## DISCUSSION

12       The Court finds that the issues raised do not require an evidentiary hearing.

13 *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and

14 materials filed in this proceeding adequately document the issues for resolution.

15 **A. Waiver of Rights to Appeal and File Any Post-Conviction Motion**

16       This Court finds Loren John Jay Meade waived his right to file the instant

17 motion. Petitioner's plea agreement provides:

18     Defendant understands that he has a limited right to appeal or
    challenge the conviction and sentence imposed by the Court.
19     Defendant hereby expressly waives his right to appeal his conviction,
    any restitution order, any fine, and the sentence of incarceration the
20     Court imposes. Defendant further expressly waives his right to file
    any post-conviction motion attacking his conviction and sentence,

> including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

ECF No. 76 at ¶ 17. The Court specifically informed Petitioner of this waiver provision at the time of his plea and he acknowledged he understood it. *See* Fed. R. Crim. P. 11(b)(1)(N). Mr. Meade does not base his motion on ineffective assistance of counsel. A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (citation omitted). The exception to waiver contained in his plea agreement only includes motions based upon ineffective counsel "based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence." ECF No. 76 at ¶ 17. The subsequent dismissal of a predicate crime does not fit within the exception to Defendant's waiver of right to file any post-conviction motion. This § 2255 motion was waived, without exception. Therefore, the Court finds Mr. Meade knowingly and voluntarily waived his right to file this motion to vacate and accordingly, it must be denied.

//

**B. Motion to Vacate, Set Aside or Correct Sentence**

Even if Defendant did not knowingly and voluntarily waive his right to file this motion to vacate, his motion would be denied. Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges a sentence of incarceration: (1) "that the sentence was imposed in violation of the Constitution of laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The Supreme Court has repeatedly interpreted this to encompass only errors that constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). While the remedy is in this sense comprehensive, it does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Generally, motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). However, the statute also authorizes filing within one year of "the date on which the facts

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 5

supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id*. § 2255(f)(4).

In *Johnson v. United States*, the Supreme Court held that "the one year period begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." 544 U.S. 295, 298 (2005). The fact of the state-court order sets "the 1-year period running only if petitioner has shown due diligence in seeking the order." *Id*. at 302.

In *Johnson*, the defendant was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides for a mandatory minimum 15-year sentence for possession of a firearm rather than "not more than 10-years" based upon three or more prior convictions for a "serious drug offense" or a "violent felony." The underlying premise in *Johnson* was that the Supreme Court previously held "that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Id*. at 303 (citing *Custis v. United States*, 511 U.S. 485 (1994); *Daniels v. United States*, 532 U.S. 374 (2001)). The Supreme Court ultimately held that Johnson had not acted with due diligence by waiting more than three years to seek vacatur of his underlying state conviction. *Id*. at 311.

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 6

Both *Custis* and *Daniels* involved the statutory sentencing enhancement provided by the ACCA. Challenges to such sentences are cognizable under 28 U.S.C. § 2255 if a predicate conviction is vacated because § 2255 authorizes claims that a sentence was imposed "in excess of the maximum authorized by law."

Here, Defendant has not shown that his sentence was imposed "in excess of the maximum authorized by law." Whether his prior state drug conviction is counted or not, Defendant faced the same penalty. Defendant's statutory maximum and minimum penalties did not change upon the finding that he was a career offender as defined by the advisory Guidelines. The Guidelines are advisory, not binding on the Court's sentencing discretion. *United States v. Booker*, 543 U.S. 220 (2005). This fact distinguishes the holdings in *Custis*, *Daniels*, and *Johnson* from Defendant's circumstances.

Defendant had a valid expectation that his sentence would not be more than the statutory maximum, regardless of the advisory Guideline calculation. Defendant did not have a legally enforceable right to be sentenced within a certain Guideline range, as the range is advisory and the court must also consider the § 3553(a) factors. *See Irizarry v. United States*, 553 U.S. 708, 713-14 (2008) (stating any expectation subject to due process protection that a criminal defendant would receive a sentence within the presumptively applicable Guideline range did

not survive *United States v. Booker*). Nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Computational errors in a presentence report do not give rise to a constitutional issue. *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996). Neither the Ninth Circuit Court of Appeals nor the Supreme Court has extended the rationale of *Custis*, *Daniels*, or *Johnson* to apply to advisory Guideline calculations for cases on collateral review.

Accordingly, Defendant has not established a constitutional violation or other right to relief.

**C. Certificate of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 132) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties.  This file and the corresponding civil file (2:20-CV-0237-TOR) shall be **CLOSED**.

**DATED** October 8, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 9